Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7896 | **DATE** | 12/26/00 |
| **CASE TITLE** | USA ex rel. Percy Claybourn v. IL Dept of Corrections | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's request to proceed in forma pauperis is denied. The trust fund officer at Shawnee Correctional Center is ordered forthwith to remit a check of $5 and pay it directly to the Clerk of this District Court. Accordingly "it plainly appears from the face of the petition that the petitioner is not entitled to relief in the district court" (section 2254 Rule 4). That calls for summary dismissal of the Petition, and this Court so orders.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| X | Notices mailed by judge's staff. | | DEC 28 2000 date docketed | |
| | Notified counsel by telephone. | | | 4 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel. )
PERCY CLAYBOURN #N40282, )
 )
               Petitioner, )
 )
v. )   No. 00 C 7896
 )
ILLINOIS DEPARTMENT OF CORRECTIONS, )
 )
               Respondent. )

MEMORANDUM OPINION AND ORDER

Percy Claybourn ("Claybourn") has filed a self-prepared Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. §2254,[1] challenging the Illinois prison authorities' determination that he is not to receive credit toward his release date for a period of 4 months and 22 days during which he was at liberty as the result of what those authorities say was his mistaken October 14, 1994 release on parole from a state criminal sentence that he was then serving (and is therefore still serving). On March 10, 1995 Claybourn was rearrested and told that his release had been in error, and he has been back in custody ever since.

Before this Court turns to Claybourn's federal habeas claim, it briefly addresses his accompanying request to proceed in forma pauperis. Because Claybourn obviously does not realize that the only fee required to be paid by a Section 2254 petitioner is the

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

modest sum of $5, that request is denied and the authorities at Shawnee Correctional Center ("Shawnee," where Claybourn is now in custody) are ordered forthwith to remit a check for that amount out of his trust fund account there[2] and to pay it directly to the Clerk of this District Court, mailing the payment to this address:

>  Clerk, United States District Court
>  219 South Dearborn Street
>  Chicago, Illinois 60604
>
>  Attention: Fiscal Department

and clearly identifying Claybourn's name and the 00 C 7896 case number assigned to this action. To implement this requirement, the Clerk shall send a copy of this memorandum opinion and order to the Shawnee trust fund officer.

On another preliminary procedural matter, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Shawnee warden (because Claybourn is in custody there) to be named as respondent, in place of Claybourn's mistaken designation of the Illinois Department of Corrections ("Department"). But that readily correctible error need not be dealt with, because the Petition fails on substantive grounds in any event.

---

[2] Although Claybourn maintains the trust fund account at a minimal level, the printout that he has submitted reflects monthly payroll deposits of $15 from his prison job. So if the current account level is under $5, the fee shall be paid as soon as the next payroll amount comes in.

2

On that score this District Court is competent to deal with the matter, because Section 2241(d) gives Claybourn the alternative of filing his Petition either "in the district court for the district wherein such person is in custody" (which would be the United States District Court for the Southern District of Illinois) or the place of Claybourn's original conviction, which is disclosed by Petition ¶1 to have been the Cook County Circuit Court (within this judicial district). And the rest of the Petition and its exhibits provide sufficient information with which to address Claybourn's substantive contention.

Claybourn's September 13, 1999 filing of his Petition for Writ of Mandamus in the Circuit Court of the First Judicial Circuit, Johnson County, Illinois sets out the gravamen of his claim: After he had been released on what was then believed to be parole (Mandamus Petition ¶3) and was then rearrested because that release should not have taken place (id. ¶4), he was given a new calculation sheet that treated the 4 months and 22 days during which he had been on liberty as "lost time on bond" (id. ¶5).

What Claybourn is really complaining about is that the authorities' correction of what was said to be a mistake was in violation of the Illinois law that prescribes a prisoner's mandatory release date. Even though his state court mandamus effort (which was rejected by the Circuit Court and then the Illinois Appellate Court for the Fifth District, followed by the

3

Illinois Supreme Court's denial of leave to appeal) adverted in part to asserted violations of due process and equal protection (purportedly implicating the United States Constitution), to the Code of Federal Regulations (inapplicable of course to a state prisoner serving a state sentence), to the Ex Post Facto Clause (also patently inapplicable) and to double jeopardy, none of such claims has any warrant under the standard prescribed by Section 2254(a)--that Claybourn must be "in custody in violation of the Constitutional or laws or treaties of the United States." Indeed, because his claims have been adjudicated on the merits by having been dismissed in the state court proceedings, Claybourn clearly fails the test set out in Section 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Those considerations alone require dismissal of the Petition. But it seems certain that dismissal is also mandated on a second and unrelated ground. It should be remembered that Claybourn's rearrest took place nearly six years ago, and he was

4

immediately "told that his release on parol [sic] was a mistake" and "that the 4 months and 22 day [sic] that he was out on parle [sic] will be considered as lost time" (these quotations are from Claybourn's October 3, 1997 institutional grievance included in Petition Ex. A, confirmed by his allegations in Petition ¶11(A)). Even though his grievance was promptly denied on October 21, 1997 by Department's Administrative Review Board as "beyond jurisdiction of IDOC" (Petition Ex. B), Claybourn has identified no steps whatever on his part to challenge that administrative determination by any judicial proceeding available to him until nearly two years later--when he launched his September 1999 filing of his state court Petition for Writ of Mandamus (Petition Ex. C).

In that respect, Section 2244 was amended in 1996 to bar tardy efforts such as Claybourn's to turn to the federal courts for habeas relief. Section 2244(d)(1) set a one-year limitation period from the latest of four specified dates for any such filing, followed by this Section 2244(d)(2) prescription of a tolling period to permit a petitioner to comply with the exhaustion-of-state-remedies requirement of Section 2254(b)(1):

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

But that tolling provision is activated only by a <u>properly filed</u> state court application, a provision that has been given

meaningful teeth by our Court of Appeals to prevent any untimely or stale resort to the state courts from extending the prescribed limitation period (see, e.g., Fernandez v. Sternes, 227 F.3d 977 7th Cir. 2000)(and cases cited there)).

It is true that Claybourn's mandamus effort came to an end less than a year ago when the Illinois Supreme Court rejected his petition for leave to appeal on June 22, 2000 (Petition ¶10(D) and its Ex. F). But any bootstrapping from that appellate rejection of such a late-filed mandamus proceeding is impermissible under the principles referred to in the preceding paragraph, for the belated mandamus petition can scarcely be termed "properly filed" in the sense taught by the caselaw. Hence the Petition must also be dismissed as time-barred.[3]

Accordingly "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court" (Section 2254 Rule 4). That calls for the summary dismissal of the Petition (id.), and this Court so orders. That however does not alter the earlier-ordered payment of the $5 filing fee.

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date: December 26, 2000

---

[3] It should again be noted that dismissal is called for even if this line of analysis were not to be sustained.

6